**Darrel HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–02–396–CR, 13–02–397–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 14, 2003.

---

Thomas J. Burbank, Burbank & Hamm, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Wayln G. Thompson, Rodney D. Conerly, Asst. Dist. Attys, Beaumont, for state.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Darrel Hawkins appeals the judgments of conviction and sentences in

two felony cases in which the trial court revoked his community supervision. We conclude that Hawkins's appeals are frivolous and without merit. We affirm.

## I. BACKGROUND

Hawkins pleaded guilty to the offense of possession of a controlled substance. After a pre-sentence investigation and pursuant to an agreed punishment recommendation, the trial court deferred adjudication, assessed a fine of $1,000, and placed Hawkins on probation for a term of eight years. During the term of this deferred adjudication probation, the State indicted Hawkins for a second time for possession of a controlled substance. As a result of the State's motion to revoke in the first case, which was based on the new felony indictment in the second case, the trial court adjudicated Hawkins guilty in the first case and, again pursuant to an agreed punishment recommendation, placed Hawkins on regular community supervision for a term of ten years and assessed a $1,000 fine. At the same time, Hawkins pleaded guilty in the second case and, again pursuant to an agreed punishment recommendation, the trial court placed him on regular community supervision for a term of ten years and assessed another $1,000 fine.

Ultimately, the State filed motions to revoke Hawkins's regular community supervision in both cases. Following an evidentiary hearing, the trial court revoked Hawkins's community supervision and sentenced him to two concurrent terms of ten years confinement in the Texas Department of Criminal Justice—Institutional Division.

On June 27, 2002, Hawkins filed timely pro se notices of appeal in both cases, generally asserting his desire to appeal both cases. Hawkins's appellate counsel filed a brief in which he concludes that the appeals are frivolous. *See Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## II. APPLICABLE APPELLATE RULES

The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the Texas Constitution against retroactive application of laws that disturb vested, substantive rights. *See* TEX. CONST. art. I, § 16; *see also Ibarra v. State,* 11 S.W.3d 189, 192 (Tex.Crim.App.1999). Therefore, this Court applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. TEX.R.APP. P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and can be corrected by the trial court. TEX. R.APP. P. 44.4(a). Accordingly, we abated the appeals on July 21, 2003 and ordered supplemental records to include, in compliance with rule 25.2(a)(2), the trial court's certification of Hawkins's right of appeal in both cases. *See* TEX.R.APP. P. 25.2(a)(2). Section 23(b) of article 42.12 of the code of criminal procedure affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community supervision was the result of an agreed punishment recommendation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.2003); *see Feagin v. State,* 967 S.W.2d 417, 419 (Tex. Crim.App.1998) (interpreting former rule 25.2(b)(3)); *see also Mitich v. State,* 47 S.W.3d 137, 140 (Tex.App.-Corpus Christi 2001, no pet.) (same). We received supple-

mental records on August 11, 2003 that include the trial court's certifications of Hawkins's rights of appeal in both cases. We now turn to the merits.

## III. DISPOSITION

█ Hawkins was required to raise any complaints involving the original plea proceeding in the first case, in which the trial court imposed deferred adjudication probation, through an appeal taken at the time. *See* Tex.Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp.2003); *see also Nix v. State*, 65 S.W.3d 664, 667 (Tex.Crim. App.2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). He did not do so. Further, no appeal lies from the trial court's decision to adjudicate Hawkins's guilt in the first case. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5(b) (Vernon Supp.2003); *see also Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Hawkins also could have appealed, at the time, the trial court's imposition of regular community supervision in both cases, but he did not do so. *See Corley v. State*, 782 S.W.2d 859, 860 (Tex.Crim.App. 1989). Thus, we would be required to overrule as untimely any arguable issues in the original imposition of deferred adjudication probation in the first case or the imposition of regular community supervision in both cases. *See* Tex.R.App. P. 26.2(a). However, Hawkins's appeals require exercise of our review power to the extent they relate to the revocations of his community supervision after his pleas of true in both cases. *See Feagin*, 967 S.W.2d at 419. We turn first to *Anders* counsel's professional evaluation of any arguable issues on appeal.

### A. Anders Brief

Hawkins's court-appointed counsel filed a brief in which he concludes that the appeals are frivolous. *See Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396. Counsel has certified that: (1) he diligently reviewed the entire appellate record in both cases; (2) in his opinion, the appeals are frivolous because the records reflect no reversible error; (3) in his opinion, there are no grounds on which an appeal can be predicated; (4) he served copies of the reporter's records and the brief on Hawkins at the time of filing; (5) he informed Hawkins by accompanying letter that it is the opinion of counsel that the appeals are without merit and that Hawkins has the right to review the records and file a pro se brief raising any issue on appeal or complaint he may desire; and (6) he filed a motion to extend the time to file a brief requesting Hawkins be afforded an additional thirty days from the date he received the record to file a pro se brief if he chose to do so. *See Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396; *see also High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978). More than thirty days have passed. Hawkins has not filed a pro se brief. *See McMahon v. State*, 529 S.W.2d 771, 772 (Tex.Crim.App.1975).

Counsel has caused to be provided as part of the appellate record a record of the proceedings of each stage of both of Hawkins's cases, including the initial pleas, the initial sentencing, the motion to adjudicate guilt and the sentencing in the first case, the motions to revoke community supervision in both cases, and the resulting sentencing in both cases. In the brief, counsel asserted there are no arguable points of error.

█ An *Anders* brief must provide references to both legal precedent and pages in the record to demonstrate why there are no arguable grounds to be advanced. *High*, 573 S.W.2d at 812. Counsel's brief does not advance any arguable grounds of error, but does contain a professional evaluation of the record demon-

strating why, in effect, there are no arguable grounds to be advanced. *Currie v. State,* 516 S.W.2d 684, 684 (Tex.Crim.App. 1974). While arguable grounds of error should be advanced by counsel as required by *Anders,* if there are any, we do not interpret *Anders* as requiring appointed counsel to make arguments counsel would not consider worthy of inclusion in a brief for a paying client or to urge reversal if in fact counsel finds no arguable issue to appeal. *Id.* We hold that counsel's brief is not the "conclusory statement" decried by *Anders. Id.*

Next, we independently review the record for error, as we must, with regard to the regular community supervision revocation proceedings. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *see also Ybarra v. State,* 93 S.W.3d 922, 926 (Tex.App.-Corpus Christ 2002, no pet.).

### B. Independent Review of the Record

The State's motions to revoke alleged that Hawkins violated the terms and conditions of his community supervision ordered in both cases that required that he: (1) not use or possess any drug except under the order of his doctor; (2) verify performing 400 hours of community service; and (3) pay the assessed fines and fees. The State alleged Hawkins violated these terms and conditions by: (1) testing positive for the drug PCP; (2) not providing the required verification that he had performed his community service; and (3) not paying the assessed fines and fees.

Hawkins pleaded true to testing positive for PCP and failing to pay the assessed fines and fees as alleged in both cases. He pleaded not true to failing to verify the community service he had performed. The trial court accepted Hawkins's pleas of true and found true the allegations of testing positive for PCP and failing to pay

fees. The trial court found not true the allegations regarding verification of community service.

■ Hawkins's pleas of true supported revocation of his community supervision. *See Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel Op.] 1979). Moreover, our review of the record reveals no jurisdictional defects in the revocation proceedings. The indictments conferred jurisdiction on the trial court and provided Hawkins with sufficient notice. TEX. CONST. art. V, § 12; TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.2003); *Duron v. State,* 956 S.W.2d 547, 550–51 (Tex. Crim.App.1997). Further, the motions to revoke provided Hawkins with sufficient notice of the violations alleged by the State and satisfied the requisites of due process. *See Whisenant v. State,* 557 S.W.2d 102, 105 (Tex.Crim.App.1977). Also, the records reveal that the trial court properly admonished Hawkins before he pleaded true and that his pleas of true were knowing and voluntary. *See Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App.1998). Finally, the cases were properly consolidated. *See* TEX. PENAL CODE ANN. § 3.02 (Vernon 1994). We find no arguable error in the revocation proceedings.

■ During the sentencing phase, defense counsel asked the trial court to send Hawkins to the Substance Abuse Felony Punishment Facility (SAFPF) to give him an opportunity to address his drug problem by continuing his community supervision. The court revoked community supervision in both cases and imposed penitentiary time instead. We review a sentence imposed by the trial court for abuse of discretion. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim. App.1984). As a general rule, to preserve error for appellate review, Hawkins must have made a timely, specific objection, at the earliest opportunity, and ob-

tained an adverse ruling. Tᴇx.R.Aᴘᴘ. P. 33.1; *Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim.App.1991). Hawkins did not object at sentencing on any basis, including abuse of discretion. We find that he waived any challenge to the sentence imposed in each case. *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996). Moreover, the sentences assessed in both cases were within the statutorily permissible range and were based on admissible evidence introduced at the revocation proceeding. *See Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App.1973). We find no arguable error in the sentencing phase of the revocation proceedings.

### C.  Conclusion

Accordingly, our independent review of the record finds that Hawkins's appeals are frivolous. We conclude that Hawkins's appeals are without merit. We affirm the judgments and sentences of the trial court.

### D.  Motion to Withdraw

■  An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Moore v. State,* 466 S.W.2d 289, 291 n. 1 (Tex.Crim.App.1971); *see Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (noting that *Anders* brief should be filed with request for withdrawal from case). Counsel in these cases has not requested to withdraw from further representation of Hawkins on appeal. We hereby order counsel to advise Hawkins of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex. Crim.App.1997). We further order counsel to file any motion to withdraw as court-appointed counsel with this Court within ten days of the date of this opinion.