**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**6/22/15**

**CECILE FOY GSANGER, CLERK**
BY  DTello

ACCEPTED
13-14-00687-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/22/2015 5:43:09 PM
CECILE FOY GSANGER
CLERK

Appellate Cause No. **13-14-00687-CR**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/22/2015 5:43:09 PM
CECILE FOY GSANGER
Clerk

IN THE COURT OF APPEALS
THIRTEENTH JUDICIAL DISTRICT
AT CORPUS CHRISTI, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOHNY RAY HARGROVE,**

Appellant.

v.

**THE STATE OF TEXAS,**

Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Appeal from Cause Numbers A-14-5081-2-CR
In the 36th Judicial District Court
of Aransas County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDED ANDER'S BRIEF**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CORETTA T. GRAHAM**
Attorney at Law
SBN 50511851
Graham Legal Services
3206 Reid Drive, suite 105
Corpus Christi, TX 78404
(361) 723-1530 office
(361) 723-1531 fax
grahamlegalservices@yahoo.com (E-mail)

**COUNSEL FOR APPELLANT**

pg. 1

# IDENTITY OF PARTIES AND COUNSEL

Appellant

JOHNY RAY HARGROVE TDC#01973074
TDCJ – WILLACY UNIT
1695 South Buffalo Drive
Raymondville, TX 78580

Counsel for Appellant (Trial)

At the Trial, the defendant was represented by:
RICHARD ZAPATA
SBN 24037766
P.O. BOX 867
Sinton, TX 78387
Phone: 361-364-1775
Fax: 361-364-1778

Counsel for Appellant (Appeal)

On Appeal, the defendant is represented by:
CORETTA T. GRAHAM
SBN 50511851
3206 Reid Drive Suite 105
Corpus Christi, Texas 78404
Phone: 361-723-1530
Fax: 361-723-1531

Counsel for Appellee

The Honorable Michael Welborn
36th Judicial District Attorney Office
PO BOX 1393
Sinton TX 78387
Phone: 361-364-9390
Fax: 361-364-9490

# TABLE OF CONTENTS

Item                                                                             Page

Identity of the Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-12

Prayer/Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

**United States Supreme Court** <u>Cited at Page</u>

*Anders v. California*, 386 U.S. 738 (1967) 6, 8


**Court of Appeals/ Court of Criminal Appeals** <u>Cited at Page</u>

*Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4
         (Tex. Crim. App. June 25, 2014) 6, 8

*In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) 8

*Hawkins v. State*, 112 S.W.3d 340
        (Tex. App.—Corpus Christi 2003, no pet.) 9

# STATEMENT OF THE CASE

On or about February 29, 2013, Johny Ray Hargrove ("Hargrove") requested counsel per inmate request forms. [CR, Pg. 13-14] Defendant was then appointed counsel. [CR, Pg. 11-12] On May 27, 2014, Hargrove was indicted along with Eric Ochoa for one count of **Possession of Heroin with intent to deliver**, a second degree felony. [CR, Pg. 5-6] On June 24, 2014, Counsel for Hargrove filed several motions including a motion to suppress evidence and a motion for competency and insanity evaluations. [CR, Pg. 16-39] Orders for a competency evaluation and for an insanity evaluation were signed on July 9, 2014. [CR, Pg. 59-60] A psychiatric (competency) evaluation was completed and submitted to the court on or about September 23, 2014 [CR, Pg. 46-53] A competency (insanity) evaluation was completed and submitted to the court on or about September 16, 2014. [CR, Pg. 54-58]

On October 9, 2014, Hargrove with Counsel signed written admonishments, a judicial confession and stipulations, without a plea agreement with the State of Texas. [CR, Pg. 61-122] Hargrove entered a plea of guilty. [CR, Pg. 61] Hargrove applied for deferred adjudication probation [CR, Pg. 123] On or about November 20, 2014, at sentencing, Hargrove's application for community supervision was denied and he was given a sentence of ten years at the Texas Department of

Criminal Justice, Institutional Division ("TDC-ID"). [CR, Pg. 129] Also, the trial court certified Hargrove's right to appeal. [CR, Pg. 124] A notice of appeal was filed on November 24, 2014. [CR, Pg. 126] Counsel was appointed for Hargrove's appeal. [CR, Pg. 127]

## STATEMENT REGARDING ORAL ARGUMENT

I am not requesting oral argument. Further, I have filed a motion to withdraw as counsel and have filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4 (Tex. Crim. App. June 25, 2014). After meeting with the appellant, doing careful study of the record including the competency and insanity evaluations, and reviewing the applicable law, I believe that this case presents no appealable issues.

## ISSUES PRESENTED

My review of the record reveals no issues which can be advanced in good faith. Any arguable points that could exist were waived by Hargrove during his open plea agreement. Thus, the questions raised in this *Anders* appeal are:

I.      Whether the trial court committed reversible error with Hargrove's plea?; and

II.     Whether the trial court committed reversible error with Hargrove's sentence?

# STATEMENT OF FACTS

On October 9, 2014, a hearing was held to consider Hargrove's plea. [RR Vol. 2, Pg. 1 Ln 15-23] The court confirmed Hargrove's identity and reviewed the range of punishment. [RR Vol 2, Pg. 2 Ln 10-20] The court considered Hargrove's competency to enter a plea. [RR Vol. 2, Pg. 4 Ln 1-25] Without objection from defense counsel, Hargrove was found competent to proceed with his plea. [RR Vol.2 Pg. 5 Ln 1-6] The court reviewed the waiver of rights form, and the "court's written admonishments" form; and Hargrove waived his right to a jury trial. [RR Vol.2, Pg. 5 Ln 4-25] Then Hargrove was asked about the stipulation and judicial confession that he signed. [RR Vol. 2, Pg. 6 Ln 9-25] Hargrove acknowledged that he signed the documents to admit his guilt. [RR Vol. 2, Pg. 7 Ln 9-11]

Hargrove also pled guilty in open court. [RR Vol. 2, Pg. 7 Ln 17-18] The court reviewed the voluntariness of his plea. [RR Vol. 2, Pg. 7 Ln 19-23] The court acknowledged his application for community supervision as part of an open plea to the court. [RR Vol. 2, Pg. 8 Ln 5-16] The case was set for a sentencing on November 20, 2014. [RR Vol. 2, Pg. 8 Ln 23-24] On November 20, 2014, after hearing testimony, the trial court sentenced Hargrove to ten years TDC-ID. [CR Pg. 136] This *Anders* appeal arises from Hargrove's plea and/or the subsequent sentencing.

## SUMMARY OF THE ARGUMENT

I have submitted this brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4 (Tex. Crim. App. June 25, 2014). After having carefully examined this record and after having researched relevant case law, I have concluded that Hargrove's appeal concerning the involuntariness of his plea cannot be substantiated. Therefore, I request the Court's permission to withdraw as attorney of record and to allow Appellant Johny Ray Hargrove to file any further briefs he deems necessary.

## ARGUMENT

## I. Whether the trial court committed reversible error with Hargrove's plea?

### Analysis

Pursuant to *Anders v. California,* 386 U.S. at 744,  and *Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4, the Court must evaluate whether  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance. . . arguable points of error if counsel finds none, but it must provide record references to the facts and procedural history and

set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.));

Appellate counsel has reviewed the court records in detail concerning Hargrove's assertions that his plea was involuntary, and counsel has identified no action or inaction on the district court's part or defense counsel's part that would suggest harmful or reversible error. This case is pending in this Thirteenth Court of Appeals from the 36th Judicial District Court in Aransas County, Texas. Counsel has not identified any aspect of the plea hearing that would suggest Hargrove's plea was involuntary. In fact, the record affirmatively suggests Hargrove was evaluated for competency and evaluated for insanity prior to the plea hearing. [CR, Pg. 46-58] At the hearing, the trial court reviewed the issue of competency. [RR Vol. 2 Pg. 4 Ln 2-25] Hargrove's plea of guilty was voluntarily made. [RR Vol. 2 Pg. 7 Ln 17-18] Counsel on appeal has reviewed the appellant records concerning Hargrove's plea as follows:

| GUILTY PLEA REVIEW |
| --- |
| I. Sufficiency of the indictment or misdemeanor information - CR, Pg. 5 |
| II. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial – No adverse pretrial ruling exist; Motion to Suppress filed but waived; An order granting competency and insanity evaluation granted – CR, Pg.59-60 |

| III. Advising of the Defendant with written Admonishments in compliance with Texas Code of Criminal Procedure 26.13 | |
|---|---|
| (A) risk of perjury | CR, Pg. 115 |
| (B) right to plead not guilty | CR, Pg. 116 |
| (C) right to a jury trial | CR, Pg. 116 |
| (D) right to counsel at trial and every other stage | CR, Pg. 116 |
| (E) the range punishment range  TCCP 26.13(a)(1) | CR, Pg. 115, 121 |
| (F) nature of the charge | CR, Pg. 115 |
| (G) recommendation of punishment not binding on the court TCCP 26.13 (a)(2) | CR, Pg. 115 |
| (H) if punishment does not exceed plea bargain, trial court must give permission to appeal. TCCP 26.13 (a)(3) | CR, Pg. 116, 117, 119 |
| (I) admonishment on effect of plea on citizenship TCCP 26.13(a)(4) | CR, Pg. 116 |
| (J) no plea accept unless defendant is mentally competent to accept plea TCCP 26.13 (b) | CR, Pg. 116, 118 |
| (K)  court compliance with  review of written admonishments for defendant TCCP 26.13 (c & d) | CR, Pg. 120 |
| (L) inquire into victim statement (if applicable) TCCP | N/A |
| (M) inquiry into notice to victim (if applicable) TCCP 26.13 | N/A |
| (N)  inquiry on registration requirement of Chapter 62 (if applicable)  TCCP 26.13 (a)(5) & (h) | N/A |
| IV.  Trial Court proceedings | |
| (A)  Whether the issue of competency was raised prior to sentencing; inquiry into a plea bargain. | RR Vol. 2 Pg. 4 Ln 2-25 |
| (B) defendant's waiver of trial rights | RR Vol 2 Pg.5 Ln 23-25; Pg. 6 Ln 1-5 |
| (C) nature of the charge | RR Vol 2 Pg. 3 Ln10-12 |
| (D) Whether appellant was mentally competent when the court accepted the plea | RR Vol. 2, Pg. 4 Ln 1-25 |

| | |
|---|---|
| (E) the range punishment range | RR Vol 2 Pg. 3 Ln14-20 |
| (F) applicable fines | CR, Pg. 125 |
| (G) any applicable forfeiture | N/A |
| (H) any applicable restitution | RR Vol 2 Pg.8 Ln 1-5 |
| V. Voluntariness of Plea | RR Vol 2 Pg. 7 Ln 15-23 |
| VI. Any adverse rulings during the sentencing hearing on objections or motions - none | |
| VII. Any failure on the part of appellant's trial counsel to object to fundamental error. - none | |
| VIII. Whether the sentence imposed was within the applicable range of punishment. CR, Pg. 129, 136 | |
| IX. Factual Basis for the Plea | CR, Pg. 88-89 |
| X. Judicial Consideration of Plea Agreement (advisory to defendant on the type of plea considered) - court informed appellant on open plea. RR Vol 2 Pg.5 Ln 5 | |
| XI. Accepting Plea Agreement (informing defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | RR Vol 2 Pg.6 Ln 8-10; Pg. 7 Ln 9-16; Pg. 7 Ln 24-25 |
| XII. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied. CR, Pg. 129-132 | |
| XIII. Whether the appellant was denied effective assistance of counsel. - No evidence found on ineffective assistance of counsel. | |

## II. Whether the trial court committed reversible error with Hargrove's sentence?

### Analysis

Appellate counsel has reviewed the court records for Hargrove's sentencing and has detected no error, clear or harmless. In this cause, Hargrove was indicted

on a second degree felony. [RR Vol. 2 Pg. 3 Ln 10-14] The range of punishment for second degree felony is two years up to twenty years in the Institutional Division of the Texas Department of Criminal Justice. [CR, Pg. 121] Hargrove submitted an application for community supervision as part of an open plea to the court with his trial counsel. [RR Vol. 2 Pg. 8 Ln 6-15] A hearing was held and the trial court imposed a ten year sentence. [CR, Pg. 136] Hargrove was given time credits toward his sentence. [CR, Pg. 132]

## CONCLUSION

In accordance with *Anders v. California and Kelly v. State*, I have examined the record for issues which might arguably support an appeal. In my opinion, there are none. Consequently, I respectfully move to withdraw from this case in accordance with *Anders* and ask the Court to rule on this appeal accordingly.

Respectfully submitted,

_/s/Coretta T. Graham_____
**CORETTA T. GRAHAM**
Attorney at Law
SBN 50511851
Graham Legal Services
3206 Reid Drive, suite 105
Corpus Christi, TX 78404
(361) 723-1530 office
(361) 723-1531 fax

**COUNSEL FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

I, CORETTA GRAHAM, certify that there are 2724 words in the document per the word count of the computer program used to prepare the document.

    _/s/Coretta T. Graham_____

    **CORETTA T. GRAHAM**

## CERTIFICATE OF SERVICE

I, CORETTA GRAHAM, certify that, a copy of this Amended Anders brief for Appellant Johny Ray Hargrove was served upon following parties on or about June 22, 2015 via fax and certified mail:

The Honorable Michael Welborn
36th Judicial District Attorney Office
PO BOX 1393
Sinton TX 78387
Phone: 361-364-9390
Fax: 361-364-9490

JOHNY RAY HARGROVE TDC#01973074
TDCJ – WILLACY UNIT
1695 South Buffalo Drive
Raymondville, TX 78580

Respectfully Submitted,

_/s/Coretta T. Graham_____
**CORETTA T. GRAHAM**
Attorney at Law
SBN 50511851
Graham Legal Services
3206 Reid Drive, suite 105
Corpus Christi, TX 78404
(361) 723-1530 office
(361) 723-1531 fax
grahamlegalservices@yahoo.com (E-mail)

**COUNSEL FOR APPELLANT**