**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

09/30/15

*Dorian E. Ramirez*

CLERK

ACCEPTED
13-15-00258-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/30/2015 8:48:43 AM
Dorian E. Ramirez
CLERK

Appellate Cause No. **13-15-00258-CR**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/30/2015 8:48:43 AM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS
## THIRTEENTH JUDICIAL DISTRICT
## AT CORPUS CHRISTI, TEXAS

**WAYMOND ANDERSON,**

Appellant.

v.

**THE STATE OF TEXAS,**

Appellee.

Appeal from Cause Number 09-CR-2559-F
In the 214th Judicial District Court
of Nueces County, Texas

**ANDER'S BRIEF**

**CORETTA T. GRAHAM**
Attorney at Law
SBN 50511851
Graham Legal Services
3206 Reid Drive, suite 105
Corpus Christi, TX 78404
(361) 723-1530 office
(361) 723-1531 fax
grahamlegalservices@yahoo.com (E-mail)

**COUNSEL FOR APPELLANT**

pg. 1

# IDENTITY OF PARTIES AND COUNSEL

Appellant       WAYMOND ANDERSON TDC#01997761
TDCJ – DOMINGUEZ UNIT
6535 Cagnon Road
San Antonio, TX 78252

Counsel for Appellant (Trial)  At the Trial, the defendant was represented by:
LAURA RAMOS
SBN 24079179
400 Mann, Suite 605
Corpus Christi, TX 78401
Phone: 361-991-2068
Fax: unknown

Counsel for Appellant (Appeal) On Appeal, the defendant is represented by:
CORETTA T. GRAHAM
SBN 50511851
3206 Reid Drive Suite 105
Corpus Christi, Texas 78404
Phone: 361-723-1530
Fax: 361-723-1531

Counsel for Appellee   The Honorable Mark Skurka
Nueces County District Attorney Office
901 Leopard, rm. 205
Corpus Christi, TX 78401
Phone: 361-888-0400
Fax: 361-888-0700

## TABLE OF CONTENTS

| Item | Page |
|---|---|
| Identity of the Parties and Counsel | 2 |
| Table of Contents | 3 |
| Index of Authorities | 4 |
| Statement of the Case | 5 |
| Statement Regarding Oral Argument | 6 |
| Issues Presented | 6 |
| Statement of Facts | 7 |
| Summary of the Argument | 7-8 |
| Argument | 8-12 |
| Prayer/Conclusion | 12 |
| Certificate of Compliance | 13 |
| Certificate of Service | 14 |

## INDEX OF AUTHORITIES

**United States Supreme Court**                    <u>Cited at Page</u>

*Anders v. California*, 386 U.S. 738 (1967)                6, 7


**Court of Appeals/ Court of Criminal Appeals**    <u>Cited at Page</u>

*Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4
        (Tex. Crim. App. June 25, 2014)                6, 8

*In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008)    8

*Hawkins v. State*, 112 S.W.3d 340
        (Tex. App.—Corpus Christi 2003, no pet.)        8

# STATEMENT OF THE CASE

On or about August 6, 2009, Waymon Anderson ("Anderson") was indicted for **Felony Theft**, a state jail felony. [CR, Pg. 5, 32] On September 21, 2009, Anderson pled guilty and was placed on deferred community supervision for two years. [CR, Pg. 70] On July 11, 2001, Anderson's community supervision was modified and extended twelve months. [CR, Pg. 78] On August 22, 2012, Anderson's community supervision was modified and extended another twelve months. [CR, Pg. 79-80] On August 8, 2013, Anderson's community supervision was modified and extended a third time for two years. [CR, Pg. 81-82]

On May 15, 2014, Anderson's community supervision was modified for a payment plan without an extension. [CR, Pg. 83-85] March 18, 2015, the State filed a motion to revoke Anderson community supervision. [CR, Pg. 97] On May 5, 2015, Counsel was appointed. [CR, Pg. 86] On May 12, 2015, a revocation hearing was held and Anderson was given a sentence of twenty months at the Texas Department of Criminal Justice, State Jail Division. [CR, Pg. 95-96] The trial court certified Anderson's right to appeal. [CR, Pg. 94] Counsel was appointed for Anderson's appeal on June 2, 2015. [CR, Pg. 103]

## STATEMENT REGARDING ORAL ARGUMENT

I am not requesting oral argument. Further, I have filed a motion to withdraw as counsel and have filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4 (Tex. Crim. App. June 25, 2014). After meeting with the appellant, doing careful study of the record including the competency and insanity evaluations, and reviewing the applicable law, I believe that this case presents no appealable issues.

## ISSUES PRESENTED

My review of the record reveals no issues which can be advanced in good faith. Any arguable points that could exist were waived by Anderson with his plea of true to some of the violations of his community supervision. Thus, the questions raised in this *Anders* appeal are:

I.      Whether defense counsel committed ineffective assistance with Anderson's revocation hearing?; and

II.     Whether the trial court committed reversible error with Anderson's sentence?

## STATEMENT OF FACTS

On May 12, 2015, a hearing was held to consider Anderson's violations of his community supervision. [RR Vol. 1, Pg. 1 Ln 18-23] The court confirmed Anderson's identity. [RR Vol. 1, Pg. 4 Ln 13-17] The court reviewed Anderson's constitutional rights in a revocation hearing. [RR Vol. 1, Pg. 5 Ln 4-12] The court reviewed the range of punishment. [RR Vol. 1, Pg. 5 Ln 13-22] The court took Anderson's plea to each alleged violation of community supervision. [RR Vol. 1, Pg. 7-9 Ln 1-25] For the "not true" allegations, the State presented testimony from a probation officer that Anderson was an absconder in 2014, and Anderson admitted to using drugs in June and August of 2014 {RR Vol.1 Pg. 11 Ln 1-9; Pg. 15 Ln 16-24] Anderson testified for his defense. [RR Vol.1, Pg. 19 Ln 1-7] After hearing the testimony, the court found Anderson had violated his community supervision. [RR Vol. 1, Pg. 26 Ln 12-16] Anderson was adjudicated, revoked and sentenced to twenty months incarceration. [RR Vol. 1, Pg. 26 Ln 8-12] This *Anders* appeal arises from Anderson's pleas and testimony during his revocation hearing.

## SUMMARY OF THE ARGUMENT

I have submitted this brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4 (Tex. Crim. App. June 25, 2014). After having carefully examined this record and after having

researched relevant case law, I have concluded that Anderson's appeal concerning the ineffective assistance of counsel cannot be substantiated. Therefore, I request the Court's permission to withdraw as attorney of record and to allow Appellant Waymond Anderson to file any further briefs he deems necessary.

## ARGUMENT

## I.  Whether the trial counsel committed ineffective assistance of counsel with Anderson's revocation hearing?

### Analysis

Pursuant to *Anders v. California,* 386 U.S. at 744,  and *Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4, the Court must evaluate whether  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance. . . arguable points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.));

Appellate counsel has reviewed the court records in detail concerning Anderson's assertions that his trial counsel provided ineffective assistance, and counsel has identified no action or inaction on the district court's part or defense counsel's part that would suggest harmful or reversible error. This case is pending in this Thirteenth Court of Appeals from the 214th Judicial District Court in Aransas County, Texas. Counsel has not identified any aspect of the revocation hearing that would suggest Anderson's trial counsel was ineffective. In fact, the record affirmatively suggests Anderson was given the opportunity to testify in his own defense. [RR Vol. 1 Pg. 19-25 Ln 1-25] At the hearing, defense counsel offered an additional witness but Court did not want to hear any additional evidence. [RR Vol. 1 Pg. 26 Ln 2-7] Anderson's plea of true to some of the violations was voluntarily made. [RR Vol. 1 Pg. 7-9 Ln 1-25] Counsel on appeal has reviewed the appellant records concerning Anderson's revocation hearing as follows:

| REVOCATION HEARING REVIEW |
| --- |
| I. Sufficiency of the indictment, complaint or motion to revoke - CR, Pg. 97-100 |
| II. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial – No adverse pretrial ruling exist. |
| III. Advising of the Defendant with written Admonishments in compliance with Texas Code of Criminal Procedure 26.13 |

pg. 9

| | |
|---|---|
| (A) risk of perjury | CR, Pg. 87 |
| (B) right to plead not true | CR, Pg. 87 |
| (C) right to a trial | CR, Pg. 87 |
| (D) right to counsel | CR, Pg. 87 |
| (E) the range punishment range  TCCP 26.13(a)(1) | CR, Pg. 90 |
| (F) nature of the charge | CR, Pg. 90 |
| (G) recommendation of punishment not binding on the court TCCP 26.13 (a)(2) | CR, Pg. 88 |
| (H) Admonishment on  plea bargains. TCCP 26.13 (a)(3) | CR, Pg. 87 |
| (I) admonishment on effect of plea if one is not a citizen. TCCP 26.13(a)(4) | CR, Pg. 88 |
| (J) no plea accept unless defendant is mentally competent to accept plea TCCP 26.13 (b) | CR, Pg. 87 |
| (K)  court compliance with  review of written admonishments for defendant TCCP 26.13 (c & d) | CR, Pg. 93 |
| (L) inquire into victim statement (if applicable) TCCP | N/A |
| (M) inquiry into notice to victim (if applicable) TCCP 26.13 | N/A |
| (N)  inquiry on registration requirement of Chapter 62 (if applicable)  TCCP 26.13 (a)(5) & (h) | N/A |
| IV.  Trial Court proceedings | |
| (A)   Whether the issue of competency was raised prior to sentencing; inquiry into a plea bargain. | N/A |
| (B) defendant's waiver of trial rights | RR Vol. 1, Pg. 5 |
| (C) nature of the charges or  allegations | RR Vol. 1, Pg. 4, 6 |
| (D) Whether appellant was mentally competent when the court accepted the pleas of true or not true | RR Vol. 1, Pg. 6-10 |
| (E)  the range punishment range | RR Vol 1 Pg. 5 |
| (F)   applicable fines | same citation as ( E) |

| | |
|---|---|
| (G) any applicable forfeiture | N/A |
| (H) any applicable restitution | CR, Pg. 99 |
| V. Voluntariness of Plea of "True" | CR, Pg. 90 |
| VI. Any adverse rulings during the sentencing hearing on objections or motions - none | |
| VII. Any failure on the part of appellant's trial counsel to object to fundamental error. - none | |
| VIII. Whether the sentence imposed was within the applicable range of punishment. RR Vol. 1 Pg. 26 Ln 8-16 | |
| IX. Factual Basis for the Revocation | CR, Pg. 95 |
| X. Judicial Consideration of Plea Agreement (advisory to defendant on the type of plea considered) - N/A | |
| XI. Accepting Plea Agreement (informing defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | N/A |
| XII. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied. CR, Pg. 95-96 | |
| XIII. Whether the appellant was denied effective assistance of counsel. - No evidence found on ineffective assistance of counsel. | |

**II. Whether the trial court committed reversible error with Anderson's sentence?**

**Analysis**

Appellate counsel has reviewed the court records for Anderson's sentencing and has detected no error, clear or harmless. In this cause, Anderson was placed on community supervision for a state jail felony. [RR Vol. 1 Pg. 4 Ln 13-21] The range

of punishment for state jail felony is one hundred and eighty days up to two years in the State Jail Division of the Texas Department of Criminal Justice. [CR, Pg. 20, 70] There are no plea bargains in a revocation hearing. [CR, Pg. 87] A revocation hearing was held and the trial court imposed a ten month sentence. [CR, Pg. 95] Anderson was given time credits toward his sentence. [CR, Pg. 95]

## CONCLUSION

In accordance with *Anders v. California and Kelly v. State*, I have examined the record for issues which might arguably support an appeal. In my opinion, there are none. Consequently, I respectfully move to withdraw from this case in accordance with *Anders* and ask the Court to rule on this appeal accordingly.

Respectfully submitted,

 _/s/Coretta T. Graham_____
**CORETTA T. GRAHAM**
Attorney at Law
SBN 50511851
Graham Legal Services
3206 Reid Drive, suite 105
Corpus Christi, TX 78404
(361) 723-1530 office
(361) 723-1531 fax
grahamlegalservices@yahoo.com (E-mail)
**COUNSEL FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

I, CORETTA GRAHAM, certify that there are 2,572 words in the document per the word count of the computer program used to prepare the document.

        /s/Coretta T. Graham
        **CORETTA T. GRAHAM**

## CERTIFICATE OF SERVICE

I, CORETTA GRAHAM, certify that, a copy of this Anders brief for Appellant Waymond Anderson was served upon following parties on or about September 30, 2015 via fax, electronic mail or certified mail:

The Honorable Mark Skurka
Nueces County District Attorney Office
901 Leopard Street rm. 205
Corpus Christi, TX 78401
Phone: 361-888-0400
Fax: 361-888-0700

WAYMOND ANDERSON TDC#01997761
TDCJ – DOMINGUEZ UNIT
6535 Cagnon Road
San Antonio, TX 78252

Respectfully Submitted,

_/s/Coretta T. Graham_____
**CORETTA T. GRAHAM**
Attorney at Law
SBN 50511851
Graham Legal Services
3206 Reid Drive, suite 105
Corpus Christi, TX 78404
(361) 723-1530 office
(361) 723-1531 fax
grahamlegalservices@yahoo.com (E-mail)

**COUNSEL FOR APPELLANT**