

# NUMBER 13-19-00514-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JULIO SANCHEZ NAVA,                                               Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION
Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Benavides

Appellant Julio Sanchez Nava was charged by indictment with aggravated assault

of a family member with a deadly weapon, a first-degree felony. *See* TEX. PENAL CODE

ANN. § 22.02(b)(1). At trial, the jury found Nava guilty of the charged offense and the trial

court found a prior felony conviction true which increased his minimum sentencing range.

*See id.* § 12.42. Nava was sentenced to thirty years' imprisonment in the Texas

Department of Criminal Justice–Institutional Division following his conviction.

After Nava's motion for new trial was denied, he appealed, and his court-appointed appellate counsel has filed an *Anders* brief stating there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.     *ANDERS* **BRIEF**

Nava's appellate counsel has filed a motion to withdraw and brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d at 813, and *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Nava's counsel has also informed this Court that he has: (1) notified Nava that he has filed an *Anders* brief and a motion to withdraw; (2) provided Nava with copies of both filings; (3)

2

informed Nava of his right to file a pro se response,[1] to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Nava with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly,* 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate amount of time has passed, and Nava has not filed a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, Nava's counsel has asked this Court for permission to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.3d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw.

Within five days of the date of this memorandum opinion, we order counsel to send a copy of this opinion and judgment to Nava and to advise him of his right to file any petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 67 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
1st day of October, 2020.

---

[2] No substitute counsel will be appointed. If Nava seeks further review by the Texas Court of Criminal Appeals, then he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of the Texas Rule of Appellate Procedure. *See id.* R. 68.4.