

## NUMBERS 13-25-00354-CR, 13-25-00355-CR, 13-25-00356-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

RENE CRUZ,                                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina**

Appellant Rene Cruz pleaded guilty to the offense of continuous sexual abuse of a child under age seventeen, a first-degree felony in appellate cause 13-25-00354-CR, attempted indecency with a child by contact, a third-degree felony in appellate cause 13-25-00355-CR, and sexual assault of a child, a second-degree felony in appellate cause

12-00356-CR. *See* TEX. PENAL CODE §§ 21.02, 21.11. Appellant was placed on deferred adjudication community supervision for eight years. The State filed a motion to adjudicate appellant's guilt in each cause alleging several violations of the conditions of community supervision. The trial court found the State's allegations to be true, adjudicated appellant guilty in each cause, revoked his deferred adjudication community supervision in each cause, and sentenced him to life incarceration for the offense of continuous sexual abuse of a child, ten years' incarceration for the attempted indecency with a child offense, and twenty years' incarceration for the sexual assault of a child offense. Appellant's court-appointed counsel has filed an *Anders* brief in each cause stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgments.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed briefs and motions to withdraw with this Court in each cause, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated in these causes. *See id.* Counsel's briefs meet the requirements of *Anders* as each presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal in each cause. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus

Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that, in each cause, she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant neither filed a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so in any of these causes. Appellant did not file a pro se response in these causes.[1]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the records and counsel's briefs in each cause, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178

---

[1] Appellant filed a "Motion for New Appointed Appeal Counsel" in each cause. We deny these motions.

S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel in each cause. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motions to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for discretionary review in each cause.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgments.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
2nd day of April, 2026.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.