

# NUMBERS 13-26-00047-CR, 13-26-00048-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALEXANDRA RENEE MIRELES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron**
**Memorandum Opinion by Justice Silva**

Appellant Alexandra Renee Mireles pleaded guilty to attempted aggravated

assault, a third-degree felony, enhanced by appellant's habitual felony offender status in

trial court cause number 22-CRF-0473.[1] *See* TEX. PENAL CODE §§ 12.42, 22.02. On the same day, appellant pleaded guilty to continuous family violence, a first-degree felony, enhanced by appellant's habitual felony offender status in trial court cause number 23-CRF-0058.[2] *See id.* §§ 12.42, 25.11. In both causes, the trial court placed appellant on deferred adjudication community supervision for a term of five years.

On September 25, 2025, the State filed a motion to revoke appellant's community supervision and to adjudicate her guilt in 22-CRF-0473, alleging that appellant violated fifteen conditions of her community supervision. On the same day, the State filed a motion to revoke appellant's community supervision and to adjudicate her guilt in 23-CRF-0058, alleging that appellant violated thirteen conditions of her community supervision. Appellant entered pleas of "true" to all allegations except Count 7 raised in the State's motion to revoke in both causes. After conducting a hearing on each cause, the trial court found all the allegations true, revoked appellant's deferred adjudication community supervision, adjudicated her guilty, and sentenced her to twenty-five years' imprisonment in both cases, ordered to run concurrently. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and motion to withdraw with this Court in each cause, stating that her review

---

[1] This case pertains to appellate cause number 13-26-00047-CR.

[2] This case pertains to appellate cause number 13-26-00048-CR.

of both records yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that in each cause she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of her rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In both cases, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response in either case*.*

3

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief in each cause, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.   MOTIONS TO WITHDRAW

In accordance with *Anders,* appellant's counsel has asked this Court for permission to withdraw as counsel in both causes. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motions to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise her of her right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## V. Conclusion

We affirm the trial court's judgments.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
4th day of June, 2026.