

# NUMBERS 13-18-00017-CR AND 13-18-00018-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAMUEL LEAL,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Samuel Leal waived his right to a jury trial, entered into a plea agreement

with the State, and pleaded no contest to two counts[1] of aggravated robbery, a first-

degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West, Westlaw through 2017

---

[1] One count is under appellate cause number 13-18-00017-CR and one is under appellate cause number 13-18-00018-CR.

1st C.S.). The trial court accepted the plea agreement and sentenced appellant to thirty-five years for each count, with the sentences to run concurrently. Appellant appealed, and his court-appointed appellate counsel has filed two *Anders* briefs stating there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Under each appellate cause, appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's briefs meet the requirements of *Anders* as they each present a thorough, professional evaluation of the records showing why there are no arguable grounds for advancing any appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d at 813, and *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel has also informed this Court that for each appellate cause he has: (1) notified appellant that he has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both filings; (3) informed appellant of his rights to file a pro se

2

response,[2] to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate records with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 609 n.23. More than an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the records and counsel's briefs, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellant Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw under each appellate cause number. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.3d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motions to withdraw.

Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 67 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

We affirm the trial court's judgments.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of March, 2019.

---

[3] No substitute counsel will be appointed.  If appellant seeks further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of the Texas Rule of Appellate Procedure.  *See id.* R. 68.4.