

**NUMBER 13-19-00005-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN THE INTEREST OF G.N.L., J.M.R.T., J.M.R.T., CHILDREN**

---

**On appeal from the 377th District Court
of Victoria County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant C.J.B. appeals from the trial court's judgment terminating her parental rights to her minor children, G.N.L., J.M.R.T., and J.M.R.T.[1]  Appellant's court-appointed counsel has filed a brief stating that the appeal is without merit and that there are no arguable grounds for reversal.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Porter v. Tex. Dep't. of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus

---

[1] We refer to appellant and the minor children by their initials in accordance with the rules of appellate procedure.  *See* TEX. R. APP. P. 9.8(b)(2).

Christi 2003, no pet.) (permitting appointed counsel in a parental termination appeal to file a brief in compliance with *Anders*).  We affirm.

## I. *ANDERS BRIEF*

Appellant's counsel has filed a brief stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  Counsel has also informed this Court that appellant has been (1) notified that counsel has filed an *Anders* brief; (2) provided with a copy of the *Anders* brief; (3) informed of her right to file a pro se response and review the record preparatory to filing that response[2]; and (4) provided with a pro se motion for

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

access to the appellate record. *See Anders,* 386 U.S. at 744; *Kelly,* 436 S.W.3d at 319–20; *see also In re Schulman,* 252 S.W.3d at 409 n.23. A reasonable amount of time has passed, and we have not received a pro se response from appellant.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief is filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief, and we have found no reversible error. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

Appellant's counsel has asked this Court for permission to withdraw as appellate counsel. The Texas Supreme Court, however, has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.,* 520 S.W.3d 24,

3

27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to C.J.B. has not yet been discharged. *See id.* Counsel's motion to withdraw is therefore denied. *See id.* If C.J.B., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id.*

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
23rd day of May, 2019.