

# NUMBERS 13-23-00478-CR, 13-23-00479-CR, 13-23-00480-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTIAN GAGNER,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Christian Gagner appeals the trial court's orders revoking his community

supervision and adjudicating him guilty of various offenses under three separate cause

numbers. In the first case,[1] appellant was adjudicated guilty of assault against a family member by impeding breathing, *see* TEX. PENAL CODE ANN. § 22.01, and unlawful restraint, *see id.* § 20.02, both enhanced to second-degree felonies because appellant was found to be a repeat felony offender. *See id.* § 12.42(a). In the second case,[2] appellant was adjudicated guilty of engaging in organized criminal activity, *see id.* § 70.02, enhanced to a first-degree felony because appellant was a repeat felony offender, *see id.* § 12.42(b), and felon in possession of a firearm, a third-degree felony. *See id.* § 46.04. In his third case,[3] appellant was adjudicated guilty of continuous violence against the family, *see id.* § 25.11, enhanced to a second-degree felony because appellant was a repeat felony offender. *See id.* § 12.42(a).

After being adjudicated guilty in all three cases, appellant was sentenced as follows, with all sentences to run concurrently: twenty years' imprisonment as to both counts in his first case; twenty years' imprisonment as to count one and ten years' imprisonment as to count two in his second case; and twenty years' imprisonment as to the sole count in his third case. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgments.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel

---

[1] Trial court cause number 22-CRF-0186; appellate cause number 13-23-00478-CR.

[2] Trial court cause number 22-CRF-0316-2; appellate cause number 13-23-00479-CR.

[3] Trial court cause number 22-CRF-03186; appellate cause number 13-23-00480-CR.

filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In these cases, appellant filed neither a timely motion

seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response in any case.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record in each case, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

#### IV. CONCLUSION

We affirm the trial court's judgments.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
27th day of June, 2024.