

# NUMBER 13-23-00339-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MIGUEL GARCIA GONZALEZ,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

## ON APPEAL FROM THE 437TH JUDICIAL DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion on Rehearing by Justice West**

Appellant Miguel Garcia Gonzalez was convicted of murder, a first-degree felony, and sentenced to twenty-one years' imprisonment. *See* TEX. PENAL CODE § 19.02. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I.    *ANDERS* **BRIEF**[1]

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

(4) provided appellant with the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09.

On July 31, 2025, this Court issued a memorandum opinion and judgment affirming the trial court's judgment and granting appellant's counsel's motion to withdraw. *Gonzalez v. State*, No. 13-23-00339-CR, 2025 WL 2166999, at *1–2 (Tex. App.—Corpus Christi–Edinburg July 31, 2025, no pet.) (mem. op., not designated for publication), *reh'g granted, opinion withdrawn* (Oct. 28, 2025). Appellant filed a pro se motion for rehearing, stating that he was unable to examine the appellate record to file a pro se response. Upon reviewing appellant's motion, the State's response, and the record, we granted appellant's motion for rehearing, withdrew our previous memorandum opinion and judgment, and reinstated the appeal on October 28, 2025. We ordered the trial court to ensure that appellant had the opportunity to fully examine the clerk's record and reporter's record. We also ordered the trial court to notify this Court as to the date upon which the clerk's record and reporter's record was made available to appellant by filing a return receipt or other documentary proof of delivery to appellant.

Appellant was granted thirty days from the day the clerk's record and the reporter's record were first made available to him to file his pro se response with this Court. *See generally* TEX. R. APP. P. 38.6. The Court received a letter with attached proof of delivery that the clerk's record was delivered to appellant on November 21, 2025, and a letter with attached proof of delivery that the reporter's record was delivered to appellant on January 30, 2026. Appellant has not filed a pro se response.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV.    CONCLUSION

We affirm the trial court's judgment.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of March, 2026.