

**NUMBER 13-25-00515-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**ANTHONY SCHULTZ,**                                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                     **Appellee.**

---

**ON APPEAL FROM THE 94TH DISTRICT COURT
OF NUECES COUNTY, TEXAS**

---

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca
Memorandum Opinion by Justice Peña**

On April 17, 2025, appellant Anthony Schultz was re-indicted on two counts of sexual assault of a child, *see* TEX. PENAL CODE § 22.011(a)(2), three counts of improper relationship between educator and student, *see id.* § 21.12(a), and one count of solicitation of prostitution with a person under eighteen years of age, *see id.*

§ 43.021(b)(2). Each offense is a second-degree felony. *Id.* §§ 22.011(f), 21.12(b), 43.021(b)(2). Appellant pleaded not guilty to the re-indictment and a jury trial commenced on September 24, 2025. The jury found appellant guilty on all counts and sentenced him to twenty years' imprisonment on each sexual assault count; ten, twenty, and fifteen years' imprisonment on the improper relationship counts; and fifteen years' imprisonment on the solicitation count.[1] Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014),

---

[1] The sentences for all counts were ordered to run concurrently.

appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that she: (1) notified appellant that she has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant did not move for access to the record or file a pro se response.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re*

*Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
9th day of April, 2026.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.